**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZUBAIR TAALIBUDDEEN,** | : | **Civil No. 1:22-cv-1354** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **WALMART, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW this 16th day of November 2026, in accordance with the accompanying Memorandum, IT IS ORDERED as follows:

**First**, the plaintiff's motion *in limine* to preclude impeachment by prior conviction, (Doc. 80), is DENIED. However, absent some further offer of proof by counsel, we will limit this impeachment to questioning concerning the fact of this conviction and would not permit detailed cross examination into the factual details of the prior retail theft. Further, upon request, we will provide the jury with an appropriate limiting instruction regarding the use they may make of this impeachment evidence.

**Second,** the defendant's motions *in limine*, (Docs. 81, 84), are GRANTED in

part and DEFERRED in part as follows: (1) The plaintiff may not present evidence of his financial losses or ongoing medical complications which was not disclosed to the defense in the course of discovery. (2) The plaintiff may not introduce the written, hearsay declaration of Terrell McCraw at trial. (3) The plaintiff may not rely on his own lay interpretation of the evidence to draw any inference of medical causation linking current impairments to his September 2020 handcuffing. The Court DEFERS any ruling on the scope and admissibility of any testimony by Terrell McCraw if this witness is called at trial.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge